# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEA ANN CARBAUGH, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-CV-02111 |
| v. | (MEHALCHICK, M.J.) |
| FRANKLIN COUNTY PRISON, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is a complaint seeking damages (Doc. 1), filed by *pro se* prisoner-Plaintiff Renea Ann Carbaugh (hereinafter referred to as "Carbaugh") on December 12, 2019. At the time of the filing of her complaint, Carbaugh was incarcerated at the State Correctional Institution at Muncy ("SCI-Muncy"), located in Lycoming County, Pennsylvania. (Doc. 1). In her complaint, Carbaugh seeks damages against Franklin County Prison and Prime Care pursuant to 42 U.S.C. § 1983 and Pennsylvania negligence law. (Doc. 1). The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the complaint (Doc. 1) fails to state a claim upon which relief may be granted, and grants Carbaugh leave to file an amended complaint.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Carbaugh, proceeding *pro se*, initiated the instant action by filing a complaint in this matter on December 12, 2019.[1] (Doc. 1). Johnson brings her complaint against the named Defendants pursuant to 42 U.S.C. § 1983 and Pennsylvania negligence law. (Doc. 1, at 3-4). In her statement of claim, Carbaugh alleges that her father, Lee David Carbaugh (hereinafter referred to as "Decedent"), while incarcerated, passed away from a heart attack after complaining of chest pains. (Doc. 1, at 13). Carbaugh alleges that four days before Decedent's death, he told her that he was suffering from heartburn and that the medical staff had prescribed him Maylox and Prilosec. (Doc. 1, at 13). Decedent continued working as a kitchen detail, and four days later, on September 28, 2019, Decedent passed away. (Doc. 1, at 13). Carbaugh alleges that Decedent's history and medical records were not reviewed and contends that he should have been transported to a hospital. (Doc. 1, at 13). She submits that if these steps had been taken, Decedent would have survived. (Doc. 1, at 13). As for relief, Carbaugh seeks "money damages, pain and suffering for the fact [she] no longer [has] a father or [her] children don't have the[ir] grandfather anymore due to the lack of medical treatment and [u]rgency. Prevent from happening to other families/emotional and mental injuries." (Doc. 1, at 5).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

---

[1] Carbaugh also filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which the Court shall grant herein.

## II. DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Carbaugh is a prisoner suing a governmental entity and brings her suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

However, in considering whether a complaint fails to state a claim upon which relief may be granted, a court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). In deciding a Rule 12(b)(6) motion, the court may also consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

At the outset, the complaint fails to comply with Rule 12(b)(6) of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 12(b)(6) requires that a complaint state facts upon which relief may be granted. *Iqbal*, 556 U.S. at 679. Here, Carbaugh fails to allege facts which would implicate the named Defendants in wrongdoing.

The named Defendants in Carbaugh's suit are Franklin County Prison and Prime Care. (Doc. 1). These are governmental entities, not individual persons, and so may only be liable for a constitutional deprivation that occurs pursuant to an official policy or custom. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). Allegations against a governmental entity must be specific as to the allegedly unconstitutional custom, policy, or practice, and proof of a single incident of unconstitutional activity is not sufficient to impose liability. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). If a single incident is all that is alleged, then the plaintiff must also allege the existence of a specific unconstitutional custom, policy, or practice. *City of Oklahoma City*, 471 U.S. at 823-24.

Carbaugh, in her Complaint, fails to allege a specific unconstitutional custom, policy, or practice on the part of either Franklin County Prison[2] or Prime Care. (Doc. 1); *see Monell*, 436 U.S. at 690-91. For these reasons, the Court finds that Carbaugh's complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

---

[2] Franklin County Prison is a department of Franklin County itself so cannot be sued separately in a § 1983 action and is an improper defendant. *See Russell v. City of Philadelphia*, 428 F. App'x 174, 177 (3d Cir. 2011). Carbaugh must bring suit against Franklin County if she wishes to seek relief for its customs, policies, or practices promulgated by the prison. *See Sorrells v. Philadelphia Police Department*, 652 F. App'x 81, 83 (3d Cir. 2016).

C.  LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). As the complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Carbaugh's rights as a *pro se* litigant, the Court will grant her leave to file a single, unified, legible amended complaint setting forth her factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Carbaugh is advised that the amended complaint must be a pleading that stands by itself without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The amended complaint must also establish the existence of specific actions taken by the Defendants and if the Defendants are entities, rather than persons, a specific unconstitutional policy, custom, or practice must be alleged. *Monell*, 436 U.S. at 690-91. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

III.   CONCLUSION

Based on the foregoing, the Court finds that Plaintiff Renea Carbaugh's complaint (Doc. 1) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court will grant Carbaugh leave to file an amended

complaint within **thirty (30) days**.

An appropriate Order follows.

Dated: April 13, 2020            *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**